UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IVY BALLEW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:16-CV-445-TAV-HBG ) |
| COVENANT HEALTH CORP., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This civil case is before the Court on defendant's motion to dismiss [Doc. 5]. Pro se plaintiff did not respond to the motion to dismiss, and her time in which to do so has expired. *See* E.D. Tenn. L.R. 7.1. For the reasons contained herein, the Court will grant defendant's motion to dismiss.

**I.  Background**

Plaintiff initiated the present action by filing a complaint with this Court on July 14, 2016 [Doc. 1]. As grounds for suit, the complaint alleges age, color, and disability discrimination, as well as violations of the Equal Pay Act [*Id.* at 1, 3]. To support these allegations, the complaint alleges only the following facts:

> Discrimination 45 yrs old African American went out on FMLA in 12-2015 to surgery[.] Returned to work I was written up 1st suspended for 3 days told I was unsatisfactory worked fired 2 weeks after Returning to work[.] Job given to white 22 year old female. This person has violated HIPAA laws but continues to work there. Worked Weekend shift 7am-7pm with no Lunch Break or 15 min breaks [*Id.* at 2].

Plaintiff also attached to the complaint a Dismissal and Notice of Rights issued to her by the Equal Employment Opportunity Commission ("EEOC") [Doc. 1-1]. Although plaintiff did not attach the EEOC charge itself, defendant included plaintiff's EEOC charge as an attachment to its motion to dismiss [Doc. 5-1]. In her EEOC charge, plaintiff alleged the following:

> I was hired by the above-named employer as a Help Information Specialist. The company employs at least 15 employees.
>
> I went on FMLA to cover me when I was off work for my disability. When I returned to work, I was still under FMLA and requested a reasonable accommodation. The accommodation consisted of me requesting a modified work schedule. Even though the company reasonably accommodated me, I began to be harassed and disciplined once I was on my modified schedule. I was disciplined for an incident that took place in October of 2015 but wasn't disciplined until January 15, 2016. I was disciplined for three incidents at the same time and suspended on January 19, 2016. After the suspension, I was off work for my disability on January 29, 2016. When I returned to work I was terminated for false reasons.
>
> I believe that I have been discriminated and retaliated against because of my disability, in violation of the Americans with Disabilities Act Amendments Act of 2008. [*Id.* at 1].

Defendant filed the instant motion to dismiss, arguing that to the extent plaintiff alleges discrimination because of age or color, these claims must be dismissed because they were not raised in the EEOC charge. Furthermore, defendant argues that with respect to disability discrimination, the complaint does not set forth any facts identifying any disability, or any facts involving discrimination against plaintiff on the basis of that disability. Finally, defendant argues that the complaint fails to allege any facts stating a claim under the Equal Pay Act.

2

## II. Standard of Review

Federal Rule of Civil Procedure 8(a) sets out a liberal pleading standard. To survive a motion to dismiss, a complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief, 'in order to give [the opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the claimant, accept all factual allegations as true, draw all reasonable inferences in favor of the claimant, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering a 12(b)(6) motion, the Court "may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to

dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Basset v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). However, when considering a complaint filed by a pro se plaintiff, courts give the complaint a "liberal construction." *See Kennedy v. First NLC Servs., LLC*, No. 08-12504, 2009 WL 482715, at *1 (E.D. Mich. Feb. 25, 2009).

**III.    Analysis**

In the complaint, plaintiff alleges discrimination on the basis of age, color, and disability, as well as violations of the Equal Pay Act. In its motion to dismiss, defendant argues that all of these claims should be dismissed. The Court will first address the age and color discrimination claims, and then will address the disability discrimination claim and the Equal Pay Act claim.

**A.    Age and Color Discrimination Claims**

Defendant argues that the Court must dismiss plaintiff's claims for age and color discrimination because plaintiff did not raise these issues in her EEOC charge. Before a plaintiff may file suit for discrimination, the plaintiff must file an administrative charge with the EEOC. *See Young v. DaimlerChyrsler Corp.*, 52 F. App'x 637, 639 (6th Cir. 2002) ("A plaintiff must timely file a charge of discrimination with the EEOC before filing a complaint in federal court."). Generally, "a plaintiff may not bring claims in a subsequent civil action that were not included in her EEOC charge." *Harris-Bethea v. Wilcox Technical Servs. Y-12, LLC*, No. 3:13-cv-669, 2015 WL 1458042, at *5 (E.D. Tenn. Mar. 30, 2015). "The charge must be sufficiently precise to identify the parties,

4

and to describe generally the action or practices complained of." *Id.* EEOC charges are liberally construed, however, in order for courts to consider claims "that are reasonably related to or grow out of the factual allegations of the EEOC charge." *See id.*

In this case, plaintiff's EEOC charge failed to detail any factual allegations reasonably related to age or color discrimination, or any factual allegations from which charges of age or color discrimination could arise [*See* Doc. 5-1 p. 1].[1] Rather, the EEOC charge discussed only factual allegations related to disability discrimination and retaliation. Because plaintiff's EEOC charge included no allegations in any way involving or relating to age or color discrimination, the Court finds that plaintiff may not sustain claims of age or color discrimination in this civil action. *See id.* As such, the Court will dismiss plaintiff's claims of age and color discrimination.

B.  **Disability Discrimination Claim**

The Court next turns to plaintiff's allegations of disability discrimination. Defendant argues that plaintiff's disability discrimination claim must be dismissed because "the complaint is devoid of any facts capable of supporting a claim for disability discrimination" [Doc. 6 p. 6]. Upon review of the complaint, the Court finds that this argument is well taken. The factual allegations in the complaint provide no details of any alleged disability, nor any facts alleging any form of discrimination on the basis of disability [*See* Doc. 1 p. 2]. While the Court notes that plaintiff's EEOC charge

---

[1] The Court may consider the EEOC charge when ruling on the motion to dismiss because the EEOC charge is a public record. *See Jenkins v. Trane U.S., Inc.*, No. 3:12-cv-1280, 2013 WL 3272489, at *5 n.8 (M.D. Tenn. June 27, 2013).

5

contained details of alleged disability discrimination, plaintiff neither referenced these allegations in the complaint, nor included the EEOC charge with the complaint. Thus, even liberally construing plaintiff's complaint, the Court finds that the complaint fails to set forth plausible allegations of disability discrimination. As such, the Court will dismiss plaintiff's claims of disability discrimination.

### C. Equal Pay Act Claim

Finally, the Court turns to plaintiff's allegations that defendant violated the Equal Pay Act. The Equal Pay Act "prohibits employers from paying an employee at a rate less than that paid to employees of the opposite sex for equal work." *See Buntin v. Breahitt Cty. Bd. of Educ.*, 134 F.3d 796, 799 (6th Cir. 1998). In order to establish a prima facie case, a plaintiff "must show that an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *See id.*

In the complaint, although plaintiff mentions the Equal Pay Act, she provides no allegations to support that defendant compensated her differently than it did male employees. Indeed, the complaint fails to even identify any male employees. While plaintiff alleges that she worked the weekend shift without a lunch break or fifteen-minute-breaks, she does not claim that male employees received these breaks. Thus, because plaintiff has failed to state a plausible claim under the Equal Pay Act, the Court will dismiss this claim.

In sum, the Court finds that plaintiff may not sustain any of the claims raised by the complaint. Thus, the Court will grant defendant's motion to dismiss.

## IV. Conclusion

For the reasons discussed herein, the Court will **GRANT** defendant's motion to dismiss [Doc. 5]. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE